FILED
SUPERIOR COURT
OF GUAM

2018 FEB 27 PM 1:29

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF112-14 |
| | ) | |
| v. | ) | FINDINGS OF FACT AND CONCLUSIONS |
| | ) | OF LAW ON SENTENCING UNDER THE |
| EDWARD J. CHONG, | ) | JUSTICE SAFETY VALVE ACT OF 2013 |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## I. INTRODUCTION

On November 9, 2017, this matter came before the Honorable Maria T. Cenzon for a Sentencing and Violation hearing for Defendant Edward J. Chong. Defendant was present and represented by Attorney Howard Trapp. The People of Guam (the "People") were represented by Assistant Attorney General Terry VanEaton. The Court *sua sponte* raised the issue of whether the Defendant was eligible for a more lenient sentencing than that which was set forth in the parties' Plea Agreement. Counsel for both the People and the Defendant indicated to the Court that neither believed Mr. Chong to be eligible for the benefit of the Safety Valve Act; nevertheless, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After having reviewed the pleadings on file, the arguments presented during the hearing on the matter and the relevant case law, the court **NOW ISSUES ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW DETERMINING THAT THERE ARE NO**

**ORIGINAL**

"**SUBSTANTIAL AND COMPELLING REASONS ON THE RECORD**" justifying application of the Justice Safety Valve Act of 2013.

## II. FINDINGS OF FACT

In reviewing the record and proceedings before the court in this matter, the court makes factual findings where supported by a preponderance of the evidence. *See Guam v. Castro*, 2013 Guam 20 ¶ 62 ("A trial court's discretion in sentencing is therefore 'largely unlimited either as to the kind of information...or the source from which it may come.")(citation omitted).

A. On April 24, 2014, Defendant was indicted for Importation of A Schedule II Controlled Substance (As a 1st Degree Felony), Possession of A Schedule II Controlled Substance With Intent to Deliver (As a 1st Degree Felony) and Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony).

B. On October 12, 2016, Defendant entered into a Plea Agreement with the People wherein he agreed to enter a plea of *nolo contendre* to the Charge of Conspiracy to Import a Schedule Two Controlled Substance (As a First Degree Felony), as contained in an Information filed against Defendant. *Information* (Oct. 26, 2016).

C. On October 20, 2017, the Court held a Change of Plea hearing during which Defendant entered a plea of *nolo contendre*, acknowledged his right to be charged by Indictment, and consented to being charged with the felony offense by Information. *Change of Plea Hrg.* at 9:21:32-43 (Oct. 20, 2016).

D. Pursuant to the terms of his plea, the parties were to argue a range of direct incarceration to be argued to the court at a later Sentencing hearing. *Plea Agreement* at p. 4, ¶ 8a. The term of imprisonment for Conspiracy to Import A

schedule Two Controlled Substance (As a First Degree Felony) is a sentence of not less than three (3) years and not more than ten (10) years and a fine of not more than fifteen thousand dollars ($15,000).

E. Defendant waived speedy sentencing to allow for Probation Division to prepare a Pre-Sentence Investigation Report and counsel, for Defendant also agreed to waive speedy sentencing in order to "see how [Defendant] performs" during the interim period pending sentencing.

F. The Veterans Treatment Court is a therapeutic/treatment court and the Court, in delaying sentencing for a time period, agreed that Defendant's compliance with the terms of his plea agreement, including faithfulness to his treatment plan and check-in requirements under the Plea, would be a very good indicator of Defendant's performance and assist in determining an appropriate term of sentence.

G. During the October 20, 2016, hearing, Defendant acknowledged that his plea of *nolo contendre* was made knowingly, intelligently, freely and voluntarily. Defendant affirmed that he fully understood the proceedings against him, that he fully comprehended the reason for the hearing and entry of his plea, and that by entering a plea of *nolo contendre*, while he did not allocute to the factual basis of the charge, he understood and agreed that he stands convicted of the offense to which he has plead *nolo contendre* as though convicted by a jury. *Change of Plea Hrg.* at 9:28:26 - 9:31:43 (Oct. 20, 2016).

H. As a condition of the *nolo contendre* plea, the parties agreed that, notwithstanding the plea, Defendant preserved his *specific* right to appeal the Decision and Order rendered by the Honorable Vernon P. Perez on July 15, 2015

adjudicating Defendant's Motion to Suppress, "and any factual findings or legal conclusions contemplated therein." *Plea Agreement* at ¶8c. Defendant, however, waived his right to appeal or collaterally attack his conviction. *Id.*

I. Defendant further acknowledged his right to a speedy sentencing and consented to a sentencing hearing to be held on December 15, 2016.

J. On December 15, 2016, the Court found good cause to continue the Sentencing Hearing because the Defendant had not had an opportunity to review the Pre-Sentence Investigation Report prepared by Probation. Defendant also consented to the additional delay in the sentencing and continued to waive his right to such speedy sentencing.

K. During the hearing on December 15, 2016, the Court again raised the issue *sua sponte* of whether Defendant would qualify for a more lenient sentence than that which was provided for in the Plea Agreement, pursuant to the Safety Valve Act of 2013, 9 G.C.A. §§80.39 *et seq.* and requested parties to submit briefs setting forth their respective positions. The People filed its Sentencing Memorandum on December 19, 2016 opposing the application of the Safety Valve Act. Defendant has never filed a brief setting forth his position on its application, but counsel has previously indicated that the provisions thereof do not apply in Defendant's case for procedural, rather than substantive, reasons. Nevertheless, the Court found that the intent of the Guam statute was to provide the Courts with the discretion to divert from a minimum mandatory sentence in the interests of justice.

L. Defendant continued to appear before the Court at regularly scheduled progress hearings as required in the Veterans Treatment Court pending the Court's

determination on the Safety Valve Act; however, he continued to violate conditions of his pre-trial release conditions.

**M.** On January 9, 2017, Defendant committed a 3rd Violation of his pre-trial conditions for failure to refrain from ingesting an illegal controlled substance. On January 31, 2017, a 4th Violation was issued to Defendant for testing presumptive positive for methamphetamines, which was confirmed on January 31, 2017 after laboratory testing.

**N.** On February 13, 2017, Defendant was issued a 5th Violation wherein he admitted to ingesting methamphetamines following a positive drug screening.

**O.** On February 21, 2017, Defendant filed a Motion to Suspend Proceedings Pending Psychiatric Examination and the Court granted the Motion, ordering a Psychiatric Evaluation of Defendant and an expert opinion on the Defendant's competency to be sentenced and, if not competent, an opinion regarding restorability to competency.

**P.** On March 23, 2017, a 6th Violation was filed against Defendant for failure to comply with court ordered urinalysis testing on March 20, 2017.

**Q.** On March 29, 2017, Dr. Juan Rapadas issued a Forensic Evaluation in which he concluded that Defendant is competent to be sentenced, was competent at the time of the offense, and, further, was competent and that "he knew what he was doing and was deliberate in his choices as reflected in his plea agreement that he said he signed without coercion."

**R.** Defendant was then physically incapacitated for a brief period of time, during which the court excused him from checking in to Probation physically and from

court appearances, with the requirement that he submit medical certifications justifying his absences.

**S.** On July 25, 2017, Defendant received a 7th Violation for, once again, failing to report to Probation for Breathalyzer and Urinalysis Testing as required under the terms of his Plea Agreement and his agreement with the Veterans Treatment Court.

**T.** On September 20, 2017, Defendant received an 8th Violation for, once again, failing to report to Probation for testing on September 18, 2017. The Court had previously addressed his 7th Violation on August 10 and August 31, 2017, admonishing him to report to probation as required each Monday, Wednesday and Friday and to submit his medical certification explaining his non-appearances in Court.

**U.** On November 29, 2017, Defendant was issued a 9th Violation for failing to refrain from consuming illegal substances and tested positive for methamphetamine and amphetamine, which he admitted to using. On November 30, 2017, during a hearing on the Violation and with counsel present and advising him, Defendant admitted to the Violation and the Court sanctioned him with 7 days of confinement at the Department of Corrections.

**V.** On December 22, 2017, Defendant picked up a 10th Violation for non-reporting on December 11, 13 and 15, 2017, and an 11th Violation for non-reporting on December 18 and 20, 2017. On January 10, 2018, a 12th Violation was issued for Defendant's failure to refrain from consuming illegal substances when he tested presumptive positive for methamphetamines and amphetamines and for failure to report on December 22, 27 and 29, 2017.

**W.** On January 29, 2018, Defendant's test results were confirmed for methamphetamines and amphetamines and a 13th Violation was issued therefor.

**X.** On January 29, 2018, a 14th Violation was also issued alleging that Defendant was charged in CF0036-18 for Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony) 2 counts, Notice of the Commission of a Felony While on Felony Release (2 Counts), Possession of a Schedule IV Controlled Substance (As a 3rd Degree Felony), Notice of the Commission of a Felony While on Felony Release and Possession of Less Than One Ounce of Marijuana (As a Violation).

**Y.** On February 1, 2018, Dr. Juan Rapadas filed an updated Forensic Evaluation and a Competency Hearing was held on February 13, 2018, to determine whether Defendant is competent to be sentenced. Dr. Rapadas testified that Defendant is competent to be proceeded against and competent to be sentenced. (Competency Hrg. 2/13/18 at 3:14:00 – 3:14:55).

**Z.** On February 23, 2018, despite numerous admonitions by the Court that he is *required* to check-in to Probation three times a week on Monday, Wednesday and Friday, a **15th Violation** was filed against the Defendant for failing to report for breathalyzer and urinalysis testing on February 7, 9, 12, 14, 19, 21 and 23, 2018.

## III. CONCLUSIONS OF LAW

In applying the facts found by the court to the applicable law, the court now renders its conclusions of law.

**A.** Defendant is not within one of the three classes of people excluded from the provisions of the Safety Valve Act under § 80.39.2. Defendant does not have a conviction for the same offense in the last ten (10) years; the offense did not

involve the use of any firearm that caused physical injury; and, ***based upon his plea of nolo contendre***, the Court cannot find affirmatively that Defendant's offense was committed as a leader, manager, or supervisor of others in a continuing criminal enterprise.

**B.** The Court cannot apply the Safety Valve Act merely upon determining Defendant is not part of an excluded class. Rather, the Court *may* conclude the Safety Valve Act should apply to Defendant after first considering "the nature of the crime, the history and character of the defendant, and his...chances of successful rehabilitation." 9 GCA § 80.39.1.

**C.** In determining whether the provisions of the Safety Valve Act apply, the Court must make a determination that imposing the mandatory minimum sentence (1) will cause substantial injustice to the defendant, and (2) imposing the mandatory minimum sentence is not necessary for the protection of the public.

**D.** The Court had considered the application of the Safety Valve Act in this particular case due to the Defendant's mental health diagnoses and his seemingly compliant and committed performance of pre-trial release conditions, including treatment and non-consumption of illegal controlled substances, believing that, with appropriate treatment Defendant would be successful in his rehabilitation.

**E.** During the pendency of this matter, however, the Defendant has established unequivocally that he is unable to comply with the terms and conditions of his probation. Defendant has had 15 violations of his court-ordered conditions since entering his plea in October, 2016.

**F.** The application of the Safety Valve Act is justified only if the imposition of a mandatory minimum sentence will cause substantial injustice to the defendant and is not necessary for the protection of the public. The Court cannot find that those conditions have been satisfied in this case.

## IV. CONCLUSION AND FURTHER PROCEEDINGS

After a review of the facts in this matter and applying the legal standard for implementation of the Justice Safety Valve Act, the Court finds that there are no "substantial and compelling" reasons to justify applying the Safety Valve Act to the instant case.[1]

Therefore, a **SENTENCING HEARING** shall be held on ___**MAR 1 3 2018**___ AT ___2pm___ .M. for the adjudication of Defendant and the pronouncement and imposition of sentence, as required before the entry of a final judgment in this matter.

**SO ORDERED THIS** ___**FEB 27 2018**___.

_____
**HONORABLE MARIA T. CENZON**
**JUDGE, SUPERIOR COURT OF GUAM**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG / TRAPP

FEB Date: 2018 _____ Time: 3:30pm

Deputy Clerk, Superior Court of Guam

---

[1] *Compare, People of Guam v. Marson Fred Edmond,* CF0248-14, Findings of Fact and Conclusions of Law on Sentencing Under the Justice Safety Valve Act of 2013 (April 27, 2016), where the court found that the Justice Safety Valve Act of 2013 applicable under the unique circumstances of the case and finding that a substantial injustice to the defendant would result from the imposition of the mandatory minimum in that case.